JOSH T. FOX (State Bar No. 282072)
RUDDELL, BIXLER, MAURITSON,
EVANS, FOX & BUSS, LLP
1102 North Chinowth Street
Visalia, California 93291
Telephone: (559) 733-5770
Facsimile: (559) 733-4922
Email: jfox@visalialaw.com

Attorneys for Plaintiff,
ROBERT HART

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HART, an individual, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| EDGARDO SANDOVAL, an individual; COUNTY OF TULARE, a public entity, and DOES 1 to 20, inclusive, | (42 U.S.C. § 1983) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Robert Hart, alleges as follows:

## JURISDICTION

1. This Complaint seeks damages under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of Plaintiff's civil rights. Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## VENUE

2. The acts or omissions giving rise to the Plaintiffs' claims arose in the County of Tulare, State of California. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court, Eastern District of California, Fresno Division.

## PARTIES

3. Plaintiff is, and at all times herein mentioned was, a citizen of the United States, residing in the County of Tulare, California.

Case 1:24-cv-00071-HBK   Document 1   Filed 01/17/24   Page 2 of 7

4. Defendant, the County of Tulare, is a political subdivision of the State of California and was, at all times herein mentioned, acting through the Tulare County Sheriff's Department. Accordingly, the County of Tulare is referenced herein as "**TCSD**."

5. Defendant Edgardo Sandoval (hereinafter "**Deputy Sandoval**") is, and at all times herein mentioned was, a deputy sheriff and employee of TCSD.

6. The true names and identities of Defendants DOES 1 through 30 are presently unknown to Plaintiff. Further, Plaintiff's attempts to gain information relevant to such knowledge have been obstructed in that Plaintiff has been denied a copy of the police report or reports related to the underlying events. Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth herein, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained. TCSD, Deputy Sandoval, and DOES 1 through 30 are collectively referenced herein as "**Defendants**."

7. Each of the Defendants caused, and is legally responsible for, the incident, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action or prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

8. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, the Defendants, and each of them, were the agents, employees, servants, joint

RUDDELL
BIXLER
MAURITSON
EVANS
FOX &
BUSS, LLP
1102 N. Chinowth St.
Visalia, CA 93291
Tel: (559) 733-5770
Fax: (559) 733-4922

1  venturers, partners and/or coconspirators of the other Defendants named in this Complaint and
2  that at all times, each of the Defendants was acting within the course and scope of that relationship
3  with the other Defendants.

4      9.    Plaintiff is informed and believes, and thereon alleges, that the violations of Plaintiffs' constitutional rights complained of herein were caused by the customs, policies, and/or practices of authorized policymakers of TCSD, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of herein. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to, failing to maintain adequate policies, failing to adequately train, supervise, and control officers under its employment, failing to discipline violations of the Fourth Amendment and other constitutional protections, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

## FACTUAL ALLEGATIONS

10.    On or about January 18, 2022, at approximately 7:00 a.m., the Defendants entered upon Plaintiff's real property under color of law (hereinafter "**Morning Entry**"), purporting to investigate a domestic disturbance call. When Sandoval arrived at Plaintiff's home, he spoke with Petitioner's wife at the time (hereinafter "**Ms. Hart**"). Upon the Defendants' arrival at Plaintiff's home, Ms. Hart, who had placed the call to TCSD, promptly informed the Defendants that no domestic violence had occurred, and that the reason Ms. Hart needed the assistance of TCSD was to ensure that Ms. Hart was not deprived of access to a large sum of money which Mr. and Mrs. Hart kept at the home. At that time, there was, within Plaintiff's home, four hidden safes containing $360,000.00 in cash, and 1,703 ounces of silver.

11.    Plaintiff was at the home at the time of the Morning Entry. Neither TCSD nor Sandoval observed or encountered any evidence of criminal activity on the part of Plaintiff. Plaintiff was not detained or arrested. TCSD asked Plaintiff to leave the home, and Plaintiff voluntarily obliged, leaving to attend a dentist's appointment.

12.    During Plaintiff's attempt to leave the property peacefully, he was accosted by Ms. Hart, who attempted to prevent Plaintiff from driving away from the property by forcibly holding

RUDDELL
BIXLER
MAURITSON
EVANS
FOX &
BUSS, LLP
1102 N. Chinowth St.
Visalia, CA 93291
Tel: (559) 733-5770
Fax: (559) 733-4922

1  open the door of Plaintiff's automobile.  Plaintiff peacefully pleaded with Ms. Hart to let go and
2  permit him to leave.  Ms. Hart did release her hold on the car door, and was not injured during
3  the course of her own volatile conduct. Following the event, TCSD and Sandoval assisted Plaintiff
4  in leaving the property at 7:45 a.m., and themselves left the property.  Despite the lack of any
5  wrongdoing on the part of Plaintiff, and the lack of any evidence of criminal conduct on Plaintiff's
6  part, prior to Plaintiff's departure, Defendants represented to Mr. Hart that, if they received
7  another call regarding the matter from Ms. Hart, "someone is going to jail."

8      13.    Plaintiff later learned that, following the Morning Entry, Ms. Hart had again called
9  TCSD ("**Afternoon Call**").  As discussed above, the Defendants had threatened Mr. Hart's arrest
10 in the event such a call occurred.  The Defendants followed through with their threat.  When Mr.
11 Hart returned home later that day, he was placed under arrest in the curtilage of his home – without
12 any warrant for his arrest, without exigent circumstances, and without probable cause.

13     14.    Plaintiff is informed and believes, and thereon alleges that, during her Afternoon
14 Call, Ms. Hart falsely claimed that Plaintiff had attacked Ms. Hart as he left the property at the
15 end of the Defendants' Morning Entry.  (Ms. Hart's claims are hereinafter referenced as
16 "**Fabricated Assault**").  Although there was a third party witness, and that witness was onsite
17 and available to TCSD officers, TCSD did not interview witness.  Moreover, TCSD officers
18 appear to have ignored the fact that *they were present at the home when the Fabricated Assault*
19 was claimed to have occurred.  In addition, they appear to have quickly forgotten Ms. Harts'
20 admission, at the outset of the Morning Entry that the reason she needed TCSD was to assist her
21 in accessing the money in the home.  No reasonably prudent person would have believed the
22 Fabricated Assault, given the circumstances that existed at the time of the false report, Ms. Hart's
23 own admissions, and the fact that *no assault was reported or observed*, *despite the presence of*
24 *TCSD at the home*.

25     15.    Despite the readily apparent falsity of the Afternoon Call and Fabricated Assault,
26 the Defendants responded by arresting Mr. Hart in the curtilage of his home, as they had
27 threatened to do during the Morning Entry.

28

- 4 -

COMPLAINT FOR DAMAGES

RUDDELL
BIXLER
MAURITSON
EVANS
FOX &
BUSS, LLP
1102 N. Chinowth St.
Visalia, CA 93291
Tel: (559) 733-5770
Fax: (559) 733-4922

16. Mr. Hart was then placed in jail, again without an arrest warrant and without probable cause. He was kept in filthy, inhumane conditions for approximately two days, without any legal justification or pretense to such justification.

17. In addition, as a further, proximate result of the Defendants' conduct as described herein, Plaintiff has suffered economic damages in an amount to be proven at trial. In addition, Plaintiff has suffered severe pain, suffering, and mental anguish as a result of the Defendants' unlawful conduct as described herein.

## FIRST CLAIM

### (42 U.S.C. § 1983 – False Arrest and Imprisonment – Fourth and Fourteenth Amendments, against all Defendants)

18. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 17, as though fully set forth herein.

19. The Fourth Amendment, as applied to state government actors through the Fourteenth Amendment, prohibits unreasonable searches and seizures. An arrest without probable cause is unreasonable, and an arrest at the home without a warrant is only permitted in the event of exigent circumstances.

20. As discussed above, (a) at no time did probable cause exist to believe that Plaintiff had committed any crime, and (b) Plaintiff was arrested at his home without a warrant, despite ample time to obtain an arrest warrant and the absence of exigent circumstances. As such, the Defendants' arrest and incarceration of Plaintiff violated clear, long-standing principles of the Fourth Amendment.

21. The Defendants, and each of them, engaged in the conduct described herein with reckless disregard for the rights of the Plaintiff, and indifference toward the harm that would foreseeably befall Plaintiff as a foreseeable consequence of the Defendants' actions as described herein.

22. The actions taken by the Defendants as described herein were taken pursuant to TCSD practice and custom, to the injury of Plaintiff as described herein. Moreover, each of the

RUDDELL
BIXLER
MAURITSON
EVANS
FOX &
BUSS, LLP
1102 N. Chinowth St.
Visalia, CA 93291
Tel: (559) 733-5770
Fax: (559) 733-4922

offenses against Plaintiff described herein was ratified by TCSD, in accord with said practice and custom.

23. As a proximate result of the Defendants' conduct as described herein, Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CLAIM

**(42 U.S.C. § 1983 – Equal Protection Clause)**

24. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is informed and believes, and thereon alleges, that the Defendants' unlawful arrest of Plaintiff was the result of an arbitrary and capricious intent to punish Plaintiff for the fact that the Defendants continued to receive calls from Ms. Hart, as well as arbitrary personal animus against Plaintiff.

26. Further, Plaintiff is informed and believes and thereon alleges that the Defendants' course of conduct as described herein represents a policy, custom, and practice on the part of TCSD of attempting to quell domestic disturbances through unlawful arrest and incarceration without probable cause therefor.

27. The Defendants, and each of them, engaged in the conduct described herein with reckless disregard for the rights of the Plaintiff.

28. As a proximate result of the Defendants' conduct as described herein, Plaintiff has suffered damages in an amount to be proven at trial.

///
///
///
///
///
///
///

- 6 -

COMPLAINT FOR DAMAGES

RUDDELL
BIXLER
MAURITSON
EVANS
FOX &
BUSS, LLP
1102 N. Chinowth St.
Visalia, CA 93291
Tel: (559) 733-5770
Fax: (559) 733-4922

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages according to proof;
2. As to Defendant Sandoval only, for punitive damages as prayed for herein;
3. For reasonable attorney's fees;
4. For the costs of suit incurred herein; and
5. For such other and further relief as the Court may deem proper.

Dated:  January 17, 2024

RUDDELL, BIXLER, MAURITSON,
EVANS, FOX & BUSS, LLP

By _____
Josh T. Fox
Attorney for Plaintiff

RUDDELL
BIXLER
MAURITSON
EVANS
FOX &
BUSS, LLP
1102 N. Chinowth St.
Visalia, CA 93291
Tel: (559) 733-5770
Fax: (559) 733-4922

COMPLAINT FOR DAMAGES